SHIVERS, Chief Judge.
The employer/carrier (E/C) in this workers’ compensation case appeal a 1988 order awarding benefits to the claimant. We vacate the order in its entirety, and remand for further proceedings.
The record on appeal indicates that the judge of compensation claims originally entered an order on August 11, 1988, finding that a compensable accident had occurred on October 15, 1985, that claimant was entitled to temporary total disability (TTD) benefits from the date of accident through the present and continuing, and that the E/C were responsible for bad faith attorney’s fees, penalties, interest, and costs. The E/C appealed the August 11, 1988 order to this court, challenging each of these findings. Shortly thereafter (before the appeal was heard), the E/C filed with this court a motion to remand to the judge for additional fact determinations, alleging that it had discovered subsequent to filing its initial appellate brief that the claimant had in fact been working almost constantly since the date of accident. Attached to its motion to remand were affidavits and employment records substantiating these allegations. This court granted the motion on March 29, 1989, remanding the matter to the judge for thirty days, for the taking of additional evidence.
A second hearing was conducted on April 14, 1989, at which the judge heard the live testimony of claimant’s employer and the claims supervisor for the carrier, and a supplemental deposition of the claimant taken on April 13, 1989. In addition, employment records were introduced into evidence, showing that claimant had been employed by Labor Right Corporation on a substantially full-time basis between the dates of November 24, 1987 and November 27, 1988. As a result, the judge entered a second order on April 24, 1989, finding: (1) that the claimant had been untruthful at the original hearing; (2) that the E/C had made all efforts possible to investigate claimant’s actions prior to the original hearing; (3) that claimant had in fact been employed since the date of accident; and (4) that had he been armed with this information at the original hearing, he would not have found the claimant to be TTD, and would have been less inclined to accept claimant’s testimony that an accident did in fact occur during the course and scope of his employment. The judge also stated that he had asked the Division of Insurance Fraud to investigate the claimant and to take whatever actions might be necessary.
Both the supplemental order and the transcript of the supplemental hearing were filed with this court on May 11, 1989. On July 17, 1989, the E/C filed a copy of a third, July 3, 1989, order granting the E/C’s petition for modification and finding the claimant not to be TTD.
Initially, we note that the July 3, 1989 order is invalid since this court granted the E/C’s motion to remand for thirty days on March 29,1989, vesting jurisdiction with the judge of compensation claims only until April 28, 1989. Next, we vacate the August 11, 1988 order in its entirety, and remand for further proceedings. Although the judge of compensation claims made no new determinations of law after remand, he did find the claimant’s testimony to be so “riddled with lies” that he could not accept it, and stated that if he had another opportunity, he would find claimant not to be TTD and would be less inclined to find that a compensable accident had occurred. These new factual findings leave the August 11, 1988 order unsupported by competent substantial evidence. We therefore vacate the order in its entirety and remand for the judge of compensation claims to either conduct a hearing de novo on all *1266 issues or to modify the August 11, 1988 order in light of the new factual findings set out in the April 24, 1989 order.
SMITH and WIGGINTON, JJ., concur.